In the United States District Court
For the Northern District of Illinois

08CV304
C

**FILED**
MAR 2 5 2008
MAR 25 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Joseph Vansach )
Petitioner )
V. ) Case no. 08-0304
United States of )  underlying Case No. 04-Cr-466
America )
Respondent ) Honorable Judge Ruben Castillo
 ) Presiding

### Motion For certificate of Appealability

Joseph Vansch ( " Petitioner " or " Vansach " ), pro-se, having this day filed a timely notice of appeal to the United States Court of Appeals for the seventh circuit from this Courts January 18, 2008, order, denying his motion to Vacate, Set Aside or Correct his sentence pursuant, to 28 U.S.C. § 2255, hereby requests that a certificate of appealability ("C.O.A.") issue forthwith from this Court, or a statement of the reasons why such a certificate should not issue, as required by FED.R. App.22(b) and 28 U.S.C. § 2253 (c).See also FED. R. CIV. P. 8 (f) ("all pleadings shall be construed as to do substantial justice")

### A. STANDARD OF REVIEW

A federal prisoner must obtain a C.O.A. to appeal a final order denying a § 2255 petition. 28 U.S.C. § 2253 (c) (1) (B). a district court may issue a C.O.A. "only if the applicant has made a substantial showing of the denial of a Constitutional right" 28 U.S.C. § 2253 (c) (2). The standard for appealability under 28 U.S.C. § 2253 (c)(2) is some what different depending upon whether the district court has rejected the issue sought to be appealed on it's merits or on procedural grounds. Presented infra, some of Mr. Vansach's constitutional claims were not addressed by the Courts January 18, 2008 order. With respect's to the constitutional claim rejected on their merits, the supreme Court has applied to C.O.A.'s the standard for granting certificates of probable cause set forth in Barefoot v. Estelle, 463 U.S. 880 (1983), and followed if the AEDPA ( Antiterrorism and Effective Death Penalty act of 1996). See Slack v. McDaniel, 529 U.S. 473, 483-484 (2000). Under this standard, for each issue presented for appeal, a petitioner must make a "showing that reasonable jurist could debate whether ( or for that matter, agree that) the petition should have been resolved in a different manner or that the issue presented were ' adequate to deserve encouragement to proceed further ' " 529 U.S. at 484 ( quoting Barefoot , Supra , at 893 n. 4).

Moreover, " It is consistent with § 2253, that a C.O.A. will issue in some instances, where there is no certainty of ultimate relief. After all, when a C.O.A. is sought, the whole premise is that the prisoner has already failed on that endeavor". Miller-El v. Cockrell, 537 U.S.322, 337 (2003) ( internal quotations & citation omitted). A petitioner " seeking a C.O.A. must prove something more than the absence of frivolity or the existence of mere good faith" but is not required " to prove, before the issuance of a C.O.A. that jurist would grant the petition for habeas corpus. Indeed, a claim can be debated even though every jurist of reason might agree after the C.O.A. has been granted and the case has received full consideration, that petitioner will not prevail". 537 U.S. at 338.

As to claims denied on procedural grounds ( that is, where the district court has not reached the merits), the Court in Slack clarified that the certificate of Appealability standard is somewhat different and easier to meet: (1) whether " jurist of reason would find it debatable whether the petition states a valid claim of the denial of a Constitutional right" ( in other words, does the petitioner at least allege a valid claim, even though it hasn't been proven yet); and (2) whether " jurist of reason would find it debatable whether the district court was correct in it's procedural ruling." Slack , 529 U.S. at 484.

The courts will also resolve doubts about whether to grant a C.O.A. in favor of the petitioner fuller v. Johnson , 114 F.3d 491 , 495 (5th Cir 1997), and may consider the severity of the penalty in making this determination. Id ; Porter v Gramley, 112 F.3d 1308, 1312 (7th Cir 1997).

In the instant case, petitioner will demonstrate that the following issues are debatable among jurist of reason; that a court resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. Therefore, Mr. Vansach is entitled to a certificate of Appealability as to all issues raised herein ( Six "6" Questions).

1) Was Mr.Vansach's Constitutional rights Violated when the Court allowed the government to constructively Amend the one count indictment by removing the Armed career Criminal Act before presenting the charge to the trial jury? And than sentencing him to the armed career criminal act?

The standard of review is based upon both a violation of the United States 5th and 14th amendment to the Constitution of following the Due Process rules casted in law, and a violation of the 6th Amendment Right to the United States Constitution for a Right to a fair and unprejudicial trial. See: Federal Rules of Court Procedures 6 and Constitutional amendments 5 and 6). (also see ; Stirore v. United States , 361 U.S. 212. 217-219 (1960) and Bain v united States , 121 U.S. 1, 30 l ed 849, 2 S.Ct 781 (1887).

2) Was Mr. Vansach's Constitutional Rights Violated when Federal Authorities went outside their jurisdiction to wire tape an informant and send her into his house without ceding jurisdiction from the State of Illinois?

The standard of review is an abuse of jurisdiction by the Federal Authorities when they wire taped an informant and sent her into Mr. Vansach's house without ceding jurisdiction from the State of Illinois. (See; United States v. Adams, 87 LED. 1421 U.S. 312 "MAY 12, 1943") The facts of the record will show that the State of Illinois, nor it's government ceded or sessioned jurisdiction to the United States. Which means no such jurisdiction was given or granted.

3) Was Mr. Vansach's Constitutional Rights Violated when the prosecutor used false information and gave a highly prejudicial closing argument to the trial jury?

The standard of review for false information being given to trial jury and allowed by the Court's is a Violation of the 6th Amendment in the United States Constitution and prejudicial remarks to sway the jury also violates the right to a fair trial. ( See; United States v. Fawley, 137 F.3d 7th Cir 1998, and Mesarosh v. United States, 352 U.S. 1, 1 LED. 2D 1, 77, S.Ct 1 1956) In this case, Mr. Vansach was not given a fair trial, because of the prosecutor's prejudicial closing statement and the false information the prosecutor used knowingly that it was indeed false information.

4) Was Mr. Vansach's Constitutional Rights Violated when the Court took away several of his Constitutional Rights because he choose to represent himself pro-se?

The standard of review is based on the facts on the record where the Court had Mr. Vansach Shackled to represent and would not allow him to cross-examine his accuser, but allowed her statement and tape recording be used as prejudicial evidence against Mr. Vansach. See Crawford v Washington, 124 S.Ct 1354 (2004). Crawford applies to out of court statements that are testimonial, Crawford applies to testimonial hearsay, Crawford applies to any statements taken by the police officer or made during a grand jury hearing. The application of Crawford allows determination of whether the Confrontation Clause is violated in particular cases. In which Mr.Vansach's confrontation Clause was violated when he choose to represent himself and it's in bedded in the legal system for hundreds of years, No defendant shall appear before a trial jury shackled, handcuffed or in fetters. They must be removed before the defendant is seen by the jurors of his trial. (See Deck v Missouri. 125 S.Ct. 2007, 161 l.ed.2d 953 (2005) " Supreme Court Justice Beyer's opinion in the 'Deck' case").

5) Was Mr. Vansach's Constitutional Rights Violated when the jury only found him guilty of possession of a firearm and he was sentenced under the Armed Career Criminal Act to an unconstitutional sentence by a jury's finding of guilt?

Standard of review is based on the record where the Armed Career Criminal Act is never mentioned to the trial jury and the trial jury only found Mr. Vansach guilty of possession of a firearm. The Court gave Mr. Vansach an enhanced sentence based on the Court finding, not the trial jury. Which Violates Mr. Vansach's right to a fair trial by jury (See, ("United States v Booker, 543 U.S. 220, 125 S.Ct 738, 160 L Ed 621 ("2005"). Once a defendant is unfairly sentenced by enhancement outside the jury's finding of guilt. The defendant's 6th Amendment was Violated and the defendant is entitled to be re-sentenced defined by statute for the jury's finding of guilt.

6) Also for the record, Mr. Vansach has had medical problem with his skin, bones, toenails, scalp, left ear hearing lose and left hand thumb & pointer fingers are all infected with some sort of decease which is rotting away the tips of his finger and toes. Mr. Vansach is looking for a downward departure under § 5H1.4 based on heath is not an abuse of discretion when reviewing Mr. Vansach's complete medical record (See; United States v Gee, 226 F.3d 885 "7th Cir. 2000"). There were at least three orders by Honorable Judge Ruben Castillo for Medical treatment and Mr. Vansach only received medical indifference over the past three years and ten months. Mr. Vansach needs medical treatment that the Bureau of Prisons does not want to give him medical treatment for. ( See, United States v Streat, 22 F.3d 109, 112-13 "6th Cir. 1994", Where the case was remanded to the District Court observing that the Court had discretion to downward depart because of the petitioner's "extraordinary physical impairment." and Chronic pain may warrant departure under § 5H1.4.

### Conclusion

Mr. Vansach should be entitled to a Certificate of Appealability to satisfy his first Amendment Right to redress all grievances of prejudice and Constitutional Violations.

Respectfully submitted by
X _____
Joseph Vansach
Reg. No 17041-424
United States Penitentiary Hazelton
P.O. Box 2000
Bruceton Mill, W.V. 26525

In the United States District Court
For the Northern District of Illinois
Eastern Division

08CV304 C

FILED
MAR 2 5 2008
MAR 25 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Joseph Vansach )
   Petitioner )   Case No. 08-0304
V. )
United States of )   Underlying Case No. 04-Cr-466
   America )
   Respondent )   Honorable Judge Ruben Castillo
    )           Presiding
    )

### Notice of of Filing and proof of service

Pursuant to Title 28 U.S.C. § 1746, I Joseph Vansach, hereby certify that on this 16th day of March, 2008, I mailed the "Notice of Appeal" in the above captioned matter, Via United States Postal Service, First Class postage prepaid to the following:

| | | |
|---|---|---|
| Micheal Duddin | Micheal Agnello | Christopher Hotaling |
| Office of the clerk | Office of the clerk | U.S. Attorney |
| U.S. District Courthouse | for the 7th Circuit | 219 S. Dearborn St |
| 219 S. Dearborn St | Court of Appeals | Chicago IL, 60604 |
| Chicago IL, 60604 | 219 S. Dearborn St | |
| | Chicago IL, 60604 | |

Respectfully submitted,
X _____
Joseph Vansach
17041-424
United States Penitentiary-Hazelton
P.O. Box 2000
Bruceton Mill, W.V. 26525